IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**Dearcom Holdings, LLC**                                                **Plaintiff**

v.                                                     Cause No.: __1:23cv30TBM-RPM__

**Tractor Supply Company, and**
**Hibbett Retail, Inc.**                                                **Defendants**

## Complaint

Comes now, Plaintiff, Dearcom Holdings, LLC, (Herein, "Dearcom") and files this Complaint against Defendants Tractor Supply Company (Herein, "Tractor Supply") and Hibbett Retail, Inc. (Herein, "Hibbett") and in support thereof alleges as follows:

### Parties

1. Plaintiff Dearcom is a Mississippi Limited Liability Company. Dearcom's principal place of business is located in Hattiesburg, Mississippi. Each and all members of the Plaintiff limited liability company is/are a natural person and citizens of the State of Mississippi.

2. Defendant Tractor Supply Company is a corporation organized pursuant to Delaware Law, with its principal place of business at Brentwood, Tennessee. Tractor Supply is therefore a citizen of the States of Tennessee and Delaware as defined by 28 U.S.C. section 1332(c)(1). Tractor Supply is a foreign corporation registered to do business in Mississippi through the Mississippi

Secretary of State and may be served through its registered agent, CT Corporation System, 645 Lakeland East Dr. Ste. 101, Flowood, MS 39232.

3. Defendant Hibbett Retail, Inc. is a corporation organized pursuant to Delaware Law, with its principal place of business in Birmingham, Alabama. Hibbett is therefore a citizen of the States of Alabama and Delaware as defined by 28 U.S.C. § 1332(c)(1). Hibbett is a foreign corporation registered to do business in the State of Mississippi through the Mississippi Secretary of State and may be served through its registered agent, Corporation Service Company, 109 Executive Dr. Ste. 3, Madison, MS 39110.

## Jurisdiction and Venue

4. This Court has jurisdiction over this matter and the parties pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

5. The controversy concerns disputes over the interpretation and enforcement of certain commercial real estate leases for property located in George County, Mississippi. Accordingly, venue is proper pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the action took place in this district and in the Southern Division.

## Facts

6. On or about July 13, 2010, Tractor Supply entered into a lease for a term of ten (10) years with DHS Lucedale Ventures, LLC, an Alabama limited

liability company and predecessor in interest to Dearcom. (Exhibit 1, Tractor Supply Lease). Tractor Supply's lease was for retail space within the Lucedale Marketplace Shopping Center located in the city of Lucedale, George County, Mississippi (Herein, "the Center"). According to the lease, Tractor Supply was leased 19,855 square feet of interior retail space as well as approximately 15,000 square feet of permanent sidewalk and outdoor display areas. (Ex. 1 at ¶1)

7. On or about May 19, 2010, Hibbett and DHS Lucedale Ventures, LLC entered into a lease for approximately 4,800 square feet of space in the Center. (Exhibit 2, Hibbett Lease at ¶ 2.1).

8. Subsequently, the Center was purchased by Dearcom who became the landlord for the Defendant tenants.

9. Dearcom's lease with Hibbett has been amended twice, most recently in 2022. (Exhibit 3, 1st Amendment to Hibbett Lease); (Exhibit 4, 2nd Amendment to Hibbett Lease). The Lease currently runs through October 31, 2025. (Ex. 4 at ¶ 3). Under the current term of the lease, Hibbett is responsible for $2,750 as its' minimum monthly rent. (*Id.* at ¶2).

10. On April 17, 2020, Tractor Supply exercised its right to extend the lease for a period of five (5) years. (Exhibit 5, Tractor Supply Extension). The annual rent during the extended term is $133,100.00, payable in monthly installments of $11,092.00. (*Id.*) Tractor Supply's lease currently runs through October 31, 2025. (*Id.*).

11. Since 2010, Defendant Tractor Supply has operated a retail feed and seed farm supply store on the premises. Tractor Supply offers a wide range of feed options for a variety of animals ranging from domestic pets to commercial livestock.

12. Tractor Supply has wholly failed to store and maintain the feed in such a manner as to prevent rodent attraction and infestation. Tractor Supply stores its feed and seed in paper, plastic, or other comparable sacks on the store floor and/or shelving and warehouse storage. These feed and/or seed sacks are permeable, lightweight, and easily torn and breached by the teeth of rodents and vermin. Once the sacks have been torn and/or destroyed by rodents, Tractor Supply's disposal practices have not been to remove the bags of feed from the store but rather to allow the seed to accumulate in the store and the warehouse.

13. Tractor Supply's lack of proper storage, maintenance, and disposal of the feed and seeds has created a haven for rodents. Due to the size of the Center and the ample attic space, the presence and/or number of the rodents in the center has largely gone unnoticed by the Landlord and other tenants until recently.

14. Tractor Supply's negligent feed and seed storage and disposal practices have created an infestation of rodents, which have caused extensive harm to the Center, other tenants, and the Landlord. The negligent storage and disposal practices of Tractor Supply have given rise to a nuisance, in direct violation of the terms of the lease.

15. Tractor Supply has obligations under section 18 of the lease for the continued maintenance of the interior of the leased premises. (Ex. 1 at p. 7). Section

17 of the Lease outlines the Landlord's repair and maintenance obligations. (Ex. 1 at p. 6). Specifically, for the maintenance of the Center's structure such as the roof, walls, and foundation. (*Id.*).

16.  Tractor Supply had a duty to store its feed and seed in a manner as to prevent rodent or vermin infestation. Tractor Supply breached that duty causing an infestation of rodents and vermin, namely large rodents, which caused severe and extensive damage to the Center and to Plaintiff. The infestation caused by Tractor Supply constitutes negligence and breach of duty under section 18(g) of the lease.

17.  Under section 18 of the lease the Tenant, Tractor Supply, had the duty to maintain the interior of the building, which would include not creating a nuisance that attracts rodents. (Ex. 1 at p. 7).

18.  Additionally, Tractor Supply bears responsibility for any damage to the Center that is caused by the negligence of Tractor Supply. Section 18 of the lease provides the following:

> Section 18. REPAIRS AND MAINTENANCE – TENANT. Commencing on the Acceptance Date and during the Term, Tenant shall, except for Landlord's obligations under Section 17 be responsible, at its sole costs and expense for:
>
> (g) repairs or replacements necessitated due to the negligence or intentional misconduct of Tenant and/or its agents, including items which would be Landlord's responsibility under Section 17 but for such negligence or intentional misconduct, or due to Tenant's failure to observe or perform any of its covenants or obligations under this Lease.

(Ex. 1 at p. 7).

19. Not only has Tractor Supply's negligence caused an unsafe and harmful nuisance but it has wholly failed to make any repairs to the Center for damage caused by its negligence as is required by the Lease.

20. On September 21, 2022, Hibbett issued its Notice of Default to Dearcom alleging that the rodent infestation had risen to the point of interfering with Hibbett's business operations. According to Hibbett, Dearcom has failed to maintain the common areas and/or the structure of the Center in a manner that would prevent rodent infestation. (Exhibit 6, Hibbett Notice of Default).

21. Hibbett's lease provides that in the event of a default by the Landlord, the Tenant has the elective option to pay two percent (2%) of its Gross Monthly Sales in lieu of Minimum Rent. (Ex. 2 at ¶ 26). As part of its Notice of Default, Hibbett elected to invoke paragraph 26 of the lease effective October 1, 2022. (Ex. 6 at p.2).

22. In response to the Hibbett Notice of Default, Landlord undertook extensive remediation and rodent prevention efforts at the Hibbett store location and the entire Center. These efforts were communicated and acknowledged by Hibbett. (Exhibit 7, Email Thread). By November 30, 2022, Hibbett had acknowledged the repairs performed by Dearcom and agreed that the rodent issue appeared to have been halted. (*Id.* at p. 1 and 4).

23. After repeated requests to withdraw the Notice of Default and resume the payment of minimum monthly rent, Hibbett has become unresponsive. Despite the efforts and expense of Landlord to ameliorate or cure the situation, Hibbett

continues to pay rent under the alternative rent scheme in lieu of the minimum monthly rent of $2,750. At all times, Hibbett's failure to withdraw the Notice of Default has been done knowingly and intentionally and in direct disregard of Dearcom's rights under the lease.

24. On November 21, 2022, Tractor Supply submitted its Notice of Default letter to the Landlord. (Exhibit 8, Tractor Supply Notice of Default). According to Tractor Supply, the rodent infestation is somehow the fault and responsibility of the Landlord, Dearcom. *Id.* Per the Notice of Default, Tractor Supply alleges that Landlord is required to undertake specific maintenance and repair efforts to remediate the infestation. Tractor Supply unilaterally obtained construction quotes from Terminix and Rhino Construction totaling $698,055.60 and $474,586.21, respectively. (*Id.* at p. 3-6)

25. These quotes, totaling over $1 million, address repairs for not only Tractor Supply's leased premises but the entire center. *Id.* By Tractor Supply's own correspondence, the rodent infestation has caused extensive harm to the Center and has jeopardized its continued operation. However, the harm to the Center is through no fault of Dearcom's but rather the continued and pervasive neglect of Tractor Supply.

### Count I – Declaratory Judgment against Hibbett

26. Dearcom hereby incorporates and adopts by reference as if fully stated herein, paragraphs 1 through 25 of this Complaint.

27. Dearcom seeks a Declaratory Judgment pursuant to 28 U.S.C. § 2201 *et seq.*, stating that Dearcom is not in default of its obligations under the Lease with Hibbett Retail, Inc. because it has fulfilled any and all required maintenance of the Center and/or the leased premises.

28. Dearcom seeks a Declaratory Judgment that as of December 1, 2022, Dearcom had cured the alleged default and that Hibbett Retail, Inc. is now required by the Lease to withdraw its Notice of Default and resume payment of the minimum monthly rent as prescribed by the Lease.

29. Dearcom additionally seeks a Declaratory Judgment that as of December 1, 2022, Hibbett Retail, Inc. was required to pay $2,750 as minimum monthly rent under the terms of the Second Amendment to the Lease. (Ex. 4).

30. Dearcom seeks a Declaratory Judgment that Hibbett Retail, Inc. has been in default of the Lease since December 1, 2022, when it wrongfully refused to pay the minimum monthly rent of $2,750 after Dearcom had provided sufficient proof that the alleged default had been cured.

### Count II – Breach of Contract against Hibbett

31. Dearcom hereby incorporates and adopts by reference as if fully stated herein, paragraphs 1 through 30 of this Complaint.

32. The Lease Agreement made subject of this lawsuit defines the contractual rights between Dearcom and Hibbett Retail, Inc. The obligations of the parties to the Lease are clear and unambiguous. (Ex. 2-4).

33. The Lease specifically addresses events and circumstances constituting a default, notice of default, and the method for withdrawal and/or the cure of an alleged default. (Ex. 2 at ¶26).

34. Hibbett Retail, Inc. has been given notice of the Landlord's efforts to cure the alleged default. Hibbett Retail, Inc. acknowledges that the alleged default has been cured. (Ex. 7). By refusing to pay the minimum monthly rent required by the lease, Hibbett has knowingly breached its contract with Dearcom.

35. Said breach of the Lease has materially and substantially impacted the business of Dearcom and caused significant financial harm by loss of rents rightfully due under the Lease and resulted in reduction of the marketability and profitability of the Center. The actions of Hibbett have caused diminution in value of the Center. Said breach of the Lease has materially affected Landlord's return on investment for the Center for which Landlord is entitled to recover by monetary judgment, for all amounts due under the Lease and all damages proximately caused by Hibbett Retail, Inc.'s breach of contract.

36. The breach of the Lease by Hibbett Retail, Inc. will continue to cause harm to Dearcom for the foreseeable future. Dearcom is entitled to all damages proximately caused by the breach of the Lease by Hibbett Retail, Inc.

37. Accordingly, Dearcom requests a trial in this matter and Judgment for amounts to be determined at trial.

## Count III – Specific Performance against Hibbett

38. Dearcom hereby incorporates and adopts by reference as if fully stated herein, paragraphs 1 through 37 of this Complaint.

39. Dearcom request that the Court enter a judgment in its favor finding the Lease and the amendments thereto, are collectively an enforceable Contract.

40. Dearcom further requests that the Court enter Judgment ordering the specific performance of the unambiguous terms of the Lease. Specifically, that Hibbett Retail Inc., is responsible for payment of the full amounts of rents due, including past, present, and future rent obligations under the terms of the Lease.

## Count IV – Declaratory Judgment against Tractor Supply

41. Dearcom hereby incorporates and adopts by reference as if fully stated herein, paragraphs 1 through 40 of this Complaint.

42. Dearcom seeks a Declaratory Judgment pursuant to 28 U.S.C. § 2201 *et seq.*, finding that the Lease is enforceable against Tractor Supply Company. (Ex. 1).

43. Dearcom seeks a finding that Dearcom is not in default of its obligations under its Lease with Tractor Supply and that Dearcom has fulfilled any and all required maintenance of the Center.

44. Dearcom additionally seeks a finding that Tractor Supply is in default of its obligations under paragraph 18 of the Lease and is responsible for the repairs and maintenance of the Center. (Ex. 1 at p. 7).

45. Dearcom seeks a finding that Tractor Supply Company is in default of paragraph 18(g) of the Lease for its failure to pay for repairs and maintenance that are the direct result of its negligence and/or intentional misconduct. (Ex. 1 at p. 7).

### Count V – Breach of Contract against Tractor Supply

46. Dearcom hereby incorporates and adopts by reference as if fully stated herein, paragraphs 1 through 45 of this Complaint.

47. The Lease made subject of this lawsuit defines the contractual rights between Dearcom and Tractor Supply Company. The obligations of the parties to that contract are clear and unambiguous.

48. The Lease specifically addresses the repair and maintenance obligations of the parties. (Ex. 1 at p. 6-7).

49. Tractor Supply has wholly failed to maintain adequate and proper storage and containment protocols for its feed and seed stores. Said lack of protocol has created a complete infestation of rodents in the Center. Tractor Supply's negligent store operations is in direct breach of its contract with Dearcom.

50. Said breach of the Lease has materially and substantially impacted the business of Dearcom and caused significant financial harm namely, harm to the Center structure and common areas, the loss of rents due from other tenants, and a reduction in the marketability, profitability, and value of the Center. Said breach of the Lease has materially affected Dearcom's contractual relationship with other tenants, specifically, Hibbett Retail Inc. Dearcom is entitled to recover these losses

by monetary judgment for all amounts due under the Lease, including all damages proximately caused by Tractor Supply Company's breach of the contract.

51. Accordingly, Dearcom requests a trial in this matter and judgment for monetary damages in an amount to be determined at trial.

### Count VI – Negligence against Tractor Supply

52. Dearcom hereby incorporates and adopts by reference as if fully stated herein, paragraphs 1 through 51 of this Complaint.

53. Tractor Supply has wholly failed to maintain adequate feed and seed storage and control procedures so as to prevent the attraction of rodents. Said failure on the part of Tractor Supply has given rise to a nuisance and infestation of rodents. Tractor Supply's failure to properly store and maintain its seed and seed constitutes negligence in the operation of its business.

54. The negligence of Tractor Supply is not only a material breach of paragraph 18 of the Lease, but it has caused significant financial harm to Dearcom for which Tractor Supply is responsible.

55. Accordingly, Dearcom requests a trial in this matter and for Judgment for monetary damages in an amount in excess of $1,000,000, to be determined at trial.

### Count VII – Specific Performance against Tractor Supply

56. Dearcom hereby incorporates and adopts by reference as if fully stated herein, paragraphs 1 through 55 of this Complaint.

57. Dearcom request that the Court enter a judgment in its favor finding the Lease with Tractor Supply to be an enforceable Contract. (Ex. 1).

58. Dearcom further requests that the Court enter judgment ordering the specific performance of the unambiguous terms of the Lease. Specifically, that Tractor Supply, is responsible for repairs to the Center that are the direct result of Tractor Supply's negligence.

### Count VIII – Attorneys' Fees

59. Dearcom hereby incorporates and adopts by reference as if fully stated herein, paragraphs 1 through 58 of this Complaint.

60. Paragraph 41 of Dearcom's lease with Tractor Supply Company provides as follows:

> If either party commences an action against the other party arising out of or in connection with this Lease, the prevailing party shall be entitled to have and recover from the losing party reasonable attorneys' fees and costs of suit, including, but not limited to, fees and costs of appeal.
>
> (Ex. 1 at ¶41)

61. Paragraph 42 of Dearcom's lease with Hibbett Retail, Inc. provides as follows:

> In the event of any action or proceeding brought by either party hereto against the other based upon or arising out of any breach of the terms and conditions thereof, the prevailing party shall be entitled to recover all costs, including reasonable attorneys' fees, from the other. To the extent any attorneys' fees or other legal fees, costs or expenses are incurred by either party for which the other party shall be liable under the terms of the Lease, any such fees, costs or expenses shall be limited to reasonable amounts under the circumstances.
>
> (Ex. 2 at ¶ 42).

62. Dearcom seeks an award of its reasonable attorneys' fees and costs incurred in this matter, from Hibbett Retail, Inc. and Tractor Supply Company, in an amount to be determined by the Court.

## Prayer for Relief

Wherefore, Dearcom Holdings, LLC, prays for Judgment as follows:

1. Declaratory Judgment against Hibbett Retail, Inc. and in favor of Dearcom Holdings, LLC finding the Lease to be enforceable by its terms, that the default alleged by Hibbett Retail, Inc. has been cured by Dearcom Holdings, LLC and that Hibbett Retail, Inc. has been in default of the Lease since December 1, 2022 when it wrongfully refused to pay the minimum monthly rent of $2,750 after Dearcom had provided sufficient proof that the alleged default had been cured;

2. Monetary Judgment against Hibbett Retail, Inc. for breach of contract in amount equal to all rents due, and all consequential damages incurred as a proximate result of Hibbett Retail, Inc.'s breach of contract;

3. Judgment ordering the specific performance of the Lease with Hibbett Retail, Inc., namely, the payment of minimum monthly rent by Hibbett Retail, Inc.;

4. Declaratory Judgment against Tractor Supply Company and in favor of Dearcom Holdings, LLC finding the Lease to be enforceable by its terms, that Dearcom Holdings, LLC is not in default of the clear and unambiguous terms of the lease, that Tractor Supply Company is in default of paragraph 18(g) of the Lease for its failure to pay for repairs and maintenance that are the direct result of its negligence and/or intentional misconduct;

5.  Monetary Judgment against Tractor Supply Company for breach of contract in an amount equal to all consequential damages incurred as a proximate result of Tractor Supply Company's breach of contract;

6.  Monetary Judgment against Tractor Supply Company for negligence in an amount equal to all consequential damages, including cost of remediation, diminution of value, and lost market value of the property, incurred as a proximate result of Tractor Supply Company's negligence;

7.  Judgment ordering the specific performance of the lease with Tractor Supply Company, namely, Tractor Supply Company's obligations for repairs that are the result of their negligence;

8.  An award of Dearcom Holdings, LLC's attorneys' fees and costs, against Hibbett Retail, Inc. pursuant to paragraph 42 of its Lease with Dearcom Holdings, LLC and against Tractor Supply Company pursuant to paragraph 41 of its Lease with Dearcom Holdings, LLC;

Dearcom Holdings, LLC seeks such other relief to which it may be entitled and that the Court may deem necessary and appropriate.

This the 3rd day of February, 2023.

Respectfully Submitted,
Dearcom Holdings, LLC

**/s/ Ned A. Nelson**
Ned A. Nelson, MB 105712

Of Counsel:

Ned A. Nelson, MB 105712
Mark A. Nelson, MB 3808
Nelson Law PLLC
7 Woodstone Plaza, Ste. 7
Hattiesburg, MS 39402
Telephone: 601.602.6031
Facsimile: 601.602.3251
ned@nelsonfirm.law